# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TAFOYA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HANFORD, et al.,<br><br>Defendants. | Case No. 1:20-cv-00010-LJO-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Christopher Tafoya ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court for screening is Plaintiff's complaint, filed on January 3, 2020. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following defendants: (1) "Hanford Police Department Chief Parker Server"; (2) the City of Hanford; (3) American Ambulance; (4) "Kings County Sheriff Department Sheriff Mike Robinson"; and (5) Kings County (identified and docketed as "County of Kings"). Plaintiff indicates he is suing each defendant in their individual capacity under 42 U.S.C. § 1983 for violations of his Fourth and Eighth Amendment rights.

To explain how the defendants acted under color of state or local law for purposes of Section 1983, Plaintiff alleges that: (1) Hanford Police Department officers wrongfully arrested him and used excessive force; (2) that American Ambulance personnel failed to provide medical

2

care; (3) the King's County Sheriffs used excessive force and cruel and unusual punishment; (4) there was wrongful use of civil proceedings, as on January 4, 2017, Plaintiff was charged, and the charge was dismissed in Plaintiff's favor on July 26, 2019; (5) Hanford Police Department Chief Parker Server failed to properly train police officers when dealing with a vehicular accident and an injured person; and (6) Kings County Sheriff Department Sheriff "David Robinson"[1] failed to properly train sheriffs about providing medical care for those in custody. (Compl. 6-7.)

The events occurred on January 4, 2017, at approximately 9:15 a.m., in front of an IHOP restaurant located in Hanford, California. (Compl. 6.) Plaintiff lost consciousness and was incoherent after being involved in a car accident. "[T]he Hanford Police Department ripped" Plaintiff out of his truck with "excessive force and arrested [Plaintiff] without reason." (Compl. 6.) American Ambulance arrived at the scene "but failed to provide medical care knowing [Plaintiff] was injured from the car accident" and could not move. (Id.) When Plaintiff arrived at the jail, "the officer" checked for drugs again, slammed Plaintiff against the car, and punched him. (Id.) In the jail, Plaintiff states sheriffs took him in a room, punched him, and ripped his clothes off forcing him to get naked. (Compl. 8.) The sheriffs bent Plaintiff over and told him to "cough motherfucker." (Id.) Hanford Police Department officers threatened him and put their hands on their guns as if they were going to shoot Plaintiff in the jail. (Id.) Plaintiff's blood was drawn and the results were negative. (Id.) Plaintiff was released about ten hours after the incident occurred and was taken to the hospital. (Id.) Plaintiff further alleges that "Hanford Police officers" falsified the report corresponding to the accident and the criminal report. (Compl. 9.)

Plaintiff claims his arms, legs, and central nervous system are injured; that he sustained psychological injuries and seizures; that he is being seen by a neurologist and psychologist for ongoing treatment; that he is attending physical therapy and receiving other treatment for the injuries; that he was referred to a pain management specialist to treat him for severe headaches

---

[1] Here Plaintiff identifies a "David Robinson" instead of a "Mike Robinson" who was named as a defendant. It is unclear if Plaintiff means to refer to one or the other.

1 and body spasms; and that he is suffering from emotional distress and was diagnosed with PTSD
2 because of the incident and defamation of character. (Compl. 8.) Plaintiff requests monetary
3 damages in the amount of one hundred million dollars ($100,000,000.00). (Id.)

### III.

### DISCUSSION

#### A. Statute of Limitations

The Court first notifies Plaintiff that the majority of his claims appear to be barred by the applicable statute of limitations.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1.

Plaintiff did not file this action until January 3, 2020. Plaintiff's Section 1983 claims appear to almost entirely stem from the incidents that occurred on January 4, 2017, and thus it appears Plaintiff must have filed his complaint on or before January 5, 2019, in order to have complied with the applicable statute of limitations for these claims. The only possible claims deviating from the incident date appears to be a claim for "wrongful use of civil proceedings" which is based on an apparent dismissal of charges on July 26, 2019, and Plaintiff's averment to a defamation claim, which may be related to the charges that were not dismissed until July 26, 2019.

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it apparent from the face of the complaint that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." See Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993); Kelly v. Islam, No. 1:18-CV-00018-JDP, 2018 WL 2670661, at *2

1  (E.D. Cal. June 1, 2018); El-Shaddai v. Stainer, No. CV 14-9313 GHK(JC), 2016 WL 7261230, at *21 (C.D. Cal. Dec. 13, 2016). In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. This applies to both statutory and equitable tolling. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.")

Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.") However, section 352.1 does not apply to an individual who is in pretrial custody in a county jail at the time his claims accrued because he is not "imprisoned on a criminal charge" within the meaning of section 352.1. Austin v. Medicis, 21 Cal.App.5th 577, 597 (Cal. Ct. App. 2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018); see also Groce v. Claudat, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff "was not incarcerated when his claims accrued"); Shaw v. Sacramento County Sheriff's Department, 343 F.Supp.3d 919, 924 (E.D. Cal. 2018) (discussing holding in Austin and finding the plaintiff was not serving a prison sentence upon his arrest and subsequent time in county jail); McCain v. Brosowke, No. EDCV 17-2377 MWF (SS), 2018 WL 1918533, at *3-4 (C.D. Cal. Apr. 20, 2018) (same).

"Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex

Homes, 31 Cal.4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (internal quotation marks and citation omitted).

At this point, the court is not aware of any reason why equitable tolling would apply in this case. However, issues regarding equitable tolling are not typically addressed prior to the time when motions for summary judgment are filed. See Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) ("Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion.") (internal citations and quotation marks omitted); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage).

Nonetheless, if Plaintiff chooses to file an amended complaint despite the deficiencies identified below, the Court may then issue an order to show cause demonstrating why Plaintiff's claims should not be dismissed for violating the applicable statutes of limitation.

**B. Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Most of Plaintiff's allegations are vague and conclusory statements. As currently pled, Plaintiff's complaint does not contain enough factual content to permit the Court to draw the reasonable inference that any named defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. This is because almost the entirety of Plaintiff's allegations are generally ascribed to unidentified "officers" or "sheriffs" or "personnel," and Plaintiff has not named any individual officers aside from Parker Server and Mike Robinson who may have been involved in the incident, or named any "Doe" defendants if Plaintiff is not aware of the names of those that were involved. The only times Plaintiff names specific actors in relation to factual allegations are when Plaintiff generally states Hanford Police Department Chief "Parker Server failed to properly train police officers when on conduct of a motor vehicular accident and injured person," and when Plaintiff writes "Sheriff David Robinson, failed to properly train Sheriffs about providing medical care for those in custody."[2]

Since Plaintiff fails to identify any specific Defendants he is referring to when he states "officers" or "sheriffs" or "personnel," Plaintiff's complaint fails to give fair notice of all of the allegations and claims directed against the Defendants. Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" (italics added)); see also Van Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp. 277, 284 (D. Wis. 1975) ("Specific identification of the parties to the activities alleged by the plaintiffs is required … to enable the defendant to plead intelligently.").

Therefore, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an amended complaint.

### C. Linkage Requirement under Section 1983

For similar reasons, Plaintiff also fails to establish an adequate link between the actions

---

[2] Again, it is unclear whether Plaintiff intended to refer to a "Mike Robinson," the individual named as a defendant in the complaint, or if Plaintiff intended to name "David Robinson" as a defendant.

7

of Defendants and the constitutional injury. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The statute provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Thus, to state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each Defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Again, Plaintiff's only allegations against the individual named Defendants, Parker Server and Mike Robinson, are general and conclusory allegations of a failure to properly train. Under Section 1983, Plaintiff must prove that defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for

his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Again, aside from the allegation concerning failure to train which the Court addresses below, Plaintiff fails to describe any action of these individual Defendants in the body of the complaint and thus did not link any of these individuals to an affirmative act or omission giving rise to any alleged constitutional violations. Plaintiff states he was wrongfully arrested by "officers," that American Ambulance "personnel" failed to provide medical care, that "Sheriffs" used excessive force, cruel and unusual punishment, that the "Hanford Police Department" ripped him out of a vehicle with excessive force and arrested him, an "officer" slammed him against a car and punched him, "sheriffs" punched him in a room, and "officers" threatened him as if they were going to shoot him. (Compl. 6.) Plaintiff does not allege the named individuals Parker Server and Mike Robinson are directly connected to these allegations, and Plaintiff has not named any other individual officers, personnel, or sheriffs in this action. To the extent Plaintiff may wish to bring any Section 1983 claim relating to these facts, Plaintiff must name the individuals involved as defendants. If Plaintiff does not know the identities of the officers or persons involved, Plaintiff may file a "Doe pleading" and amend the complaint to add defendants once discovery clarifies their identity and role in the alleged incident. See Kim v. City of Belmont, No. 17-CV-02563-JST, 2018 WL 500269, at *5–6 (N.D. Cal. Jan. 22, 2018). Further, Plaintiff is notified that he cannot hold an officer liable simply for membership in a group "without a showing of individual participation in the unlawful conduct," and must "establish the 'integral participation' of the officers in the alleged constitutional violation." Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002) (quoting Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996)).

Accordingly, Plaintiff fails to state a cognizable claim for relief against the only individually named Defendants, Parker Server and Mike Robinson.

**D. Municipal Liability**

Plaintiff names Kings County and the City of Hanford as defendants, however, Plaintiff makes no allegations pertaining to any official policy or custom, and only makes general allegations that Defendant Mike Robinson and Defendant Parker Server failed to properly train officers and sheriffs.

A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Monell, 436 U.S. at 694. Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson, 290 F.3d at 1185-86. "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry. Castro, 833 F.3d at 1076.

"A plaintiff may []establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.' " Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984–85 (9th Cir.2002)). A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. A municipality may only be held liable for those deprivations that result "from the

decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404.

As relevant to Plaintiff's allegations here, a failure to train may establish liability where such omission of training amounts to deliberate indifference to a constitutional right. Clouthier v. Cty. of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010), overruled on other grounds by Castro, 833 F.3d 1060. This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 1249 (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989). "For example, if police activities in arresting fleeing felons 'so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers,' then the city's failure to train may constitute 'deliberate indifference.' " Id. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality can the failure be properly thought of as an actionable city 'policy.' " City of Canton, 489 U.S. at 379. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011) (citation omitted).

Here Plaintiff has merely set forth allegations relating to a single incident in which they are alleging an unconstitutional seizure and excessive force by law enforcement officers, and an alleged failure to provide medical care by private ambulance personnel. Plaintiff then makes a conclusory allegation that Parker Server and Mike Robinson failed to train officers and sheriffs. This is insufficient to state a claim for municipal liability. See Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee."); Kim, No. 17-CV-02563-JST, 2018 WL 500269, at *5 (Plaintiffs

allege injuries arose because of customs, policies, practices or procedures, "but offer no details to support the allegation . . . Plaintiffs do not, for example, offer any allegations as to why the claimed violations of their constitutional rights were 'patently obvious' to Belmont or San Mateo as a consequence of their failure to train, or why their failure to train amounted to 'deliberate indifference.' "); Langley v. Tulare Police Dep't, No. 1:16-CV-0336-DAD-SKO, 2017 WL 5484019, at *5–7 (E.D. Cal. Nov. 15, 2017) ("No factual allegations in Plaintiff's First Amended Complaint support the conclusory allegations that Defendant City of Tulare had unconstitutional customs, practices, or policies . . . Plaintiff's First Amended Complaint alleges nothing more than a completely unsupported legal conclusion that Defendant City of Tulare failed to properly train Defendant Colegio in proper administration of law enforcement techniques and protection of its citizens.") (internal quotations omitted); Nuno v. Reyes, No. 1:18-CV-0263-DAD-SKO, 2018 WL 1795982, at *6–7 (E.D. Cal. Apr. 16, 2018) ("To the extent that Plaintiff contends that it was the City of Lemoore's failure to train its police officers that resulted in his injuries, such conclusory allegations and recitation of elements are not sufficient to state a claim."); Centeno v. Wilson, No. 1:08-CV-1435-FJM, 2010 WL 1980157, at *1 (E.D. Cal. May 17, 2010) "Plaintiff's conclusory allegations that Galvan failed to properly train and supervise his subordinates is insufficient to state a claim for relief."); Hoffman v. Bosenko, No. 2:16-CV-0756 DB P, 2018 WL 6184609, at *4 (E.D. Cal. Nov. 27, 2018) ("Plaintiff has failed to plead any 'factual content' from which the court could reasonably infer that Bosenko's purported failure to train evidenced a 'deliberate indifference' to plaintiff's constitutional rights.").

Plaintiff has failed to state a plausible claim based on a custom or policy or failure to train and will be given an opportunity to file an amended complaint.

**E.     American Ambulance is a Non-State Actor**

Plaintiff names American Ambulance as a Defendant, but does not name any individual from the company, and does not make any specific allegations about any identified individual from the company, only stating that American Ambulance "personnel failed to provide medical care." (Compl. 6.)

By the express terms of the statute, Section 1983 provides a cause of action for conduct

by state actors that violates an individual's constitutional rights. 42 U.S.C. § 1983. However, non-state actors may be liable under Section 1983 when they have conspired or acted in concert with state actors to deprive a person of his civil rights. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970). To "prove a conspiracy between the police and [the non-state actor] under § 1983, [Plaintiff] must show 'an agreement or meeting of the minds to violate constitutional rights.' " Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir.1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Id.

Plaintiff has failed to sufficiently allege that American Ambulance or any of its unidentified "personnel" were members of any alleged conspiracy or that they acted in concert with the state actors. See Steel v. City of San Diego, 726 F. Supp. 2d 1172, 1184 (S.D. Cal. 2010); Kim, No. 17-CV-02563-JST, 2018 WL 500269, at *4–5 ("Plaintiffs' complaint alleges only that Schenck participated in the actions described in the complaint, without describing the nature of his or PHS' relationship to any of the government defendants [which is] insufficient to state Section 1983 claims against Schenck or PHS. Plaintiffs' claims against these defendants are dismissed without prejudice.") Nor has Plaintiff demonstrated that there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself," or that American Ambulance is "controlled by a state agency," was "delegated a public function by the State," that it is "entwined with governmental policies," or that the government is entwined in its "management or control." Hankins v. Superior Court of California, No. 1:12-CV-01740-LJO, 2014 WL 584311, at *7–8 (E.D. Cal. Feb. 12, 2014) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001)).

For these reasons and those discussed relating to the standards under Rule 8 above, Plaintiff has failed to state any claim against American Ambulance.

**F.     Plaintiff's Eighth Amendment Claim**

The Eighth Amendment proscribes a freedom from cruel and unusual punishment. U.S. Const. amend. VIII. Although Plaintiff alleges a violation of the Eighth Amendment, the claim

is based upon an incident at the time of his arrest. The prohibition of cruel and unusual punishment applies only after conviction and sentencing. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001); Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir.2002) (in assessing claim of right to receive adequate medical care while in custody of county, stating "[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro, 833 F.3d 1060; Graham v. Connor, 490 U.S. 386, 395 (1989) ("Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today. It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

Accordingly, Plaintiff is unable to state a claim for a violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

### G. Fourth Amendment Excessive Force Claim

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. Graham, 490 U.S. at 394-95 (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."); Bryan v. MacPherson, 630 F.3d 805, 817 (9th Cir. 2010) ("An officer's use of excessive force to effect an arrest is a violation of a person's Fourth Amendment right to be free from unreasonable searches and seizures.")

The Supreme Court has explained:

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation . . . An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

Graham, 490 U.S. at 396–97 (internal citations omitted).

"In evaluating the governmental interests at stake and the reasonableness of the force used in light of those interests, a reviewing court must examine the totality of the circumstances, 'including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight,' among other factors." Bryan, 630 F.3d at 818 (quoting Graham, 490 U.S. at 396). The Court may also consider whether officers administered a warning, if practicable. See George v. Morris, 736 F.3d 829, 837 (9th Cir. 2013). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. Even if a law enforcement officer uses excessive force in violation of a citizen's Fourth Amendment rights, the officer will still be entitled to qualified immunity unless clearly established law provides that the conduct violates the Fourth Amendment and [a]n officer is shielded from personal liability when he reasonably believes his conduct in the situation is lawful." Bryan, 630 F.3d at 817.

Because Plaintiff has not identified any officer involved in the incident, nor alleged any actions on behalf of any named defendant, aside from the general allegations of a failure to properly train addressed elsewhere in this order, Plaintiff has not stated any claim for excessive force under the Fourth Amendment during the course of the arrest.

**H.     Fourth Amendment Claim for Unlawful Arrest**

Plaintiff alleges that officers arrested him without reason. (Compl. 6.) "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification." Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers

have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough." Id. (internal quotations and citation omitted) (alteration in original).

Plaintiff fails to state a claim for unlawful arrest because he has not identified any officers involved in the arrest and the only named individual Defendants, Parker Server and Mike Robinson, are not alleged to have directly participated in the incident. As explained above, to the extent Plaintiff claims the City of Hanford or Kings County is liable based on improper training, such claim fails because he has presented no evidence of a policy, custom, or practice, nor demonstrated a failure to train demonstrating deliberate indifference to his constitutional rights.

### I. Wrongful Use of Civil Proceedings

Plaintiff passingly makes an allegation of "Wrongful use of Civil Proceedings," stating that on January 4, 2017, Plaintiff was charged, and the charge was dismissed on July 26, 2019, in Plaintiff's favor. (Compl. 7.) Plaintiff provides no additional details as to the charges or disposition, and it is not clear why he entitled the claim as wrongful use of "Civil Proceedings," when it appears he may be referring to criminal charges pertaining to his arrest. In either regard, Plaintiff does not provide enough factual details to allow the claim to proceed at this point, and the Court provides the Plaintiff with the relevant legal standard for malicious prosecution below.

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.' " Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); see also Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987) ("In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause.")

(citations omitted). In the Ninth Circuit, "the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy," however, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Usher, 828 F.2d at 56-62 (citations omitted).

"An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." Awabdy, 368 F.3d at 1068. In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." Id.

Again, Plaintiff states his claim is for wrongful use of civil proceedings, but it is unclear from the complaint whether he is in fact referring to criminal charges. Plaintiff has not provided details regarding who prosecuted or maintained the charges, has not named an individual prosecutor as a Defendant, has not indicated the prosecution was part of a custom or policy to establish municipal liability against the City of Hanford or Kings County, and has not provided sufficient details to show whether the claim was resolved in Plaintiff's favor due to a plea agreement or otherwise. See Langley v. Tulare Police Dep't, No. 1:16-CV-0336-DAD-SKO, 2017 WL 5484019, at *5 (E.D. Cal. Nov. 15, 2017) ("Plaintiff's First Amended Complaint fails to allege facts establishing that he was prosecuted in any forum, much less that such prosecution was initiated with malice and without probable cause, or was resolved in Plaintiff's favor."); Sanders v. Matthew, No. 15-CV-395 LJO-EPG, 2016 WL 7210115, at *4 (E.D. Cal. Dec. 12, 2016) ("Plaintiff must establish that the prior proceedings terminated in such a manner as to

indicate his innocence, and that charges were not withdrawn on the basis of a compromise among the parties.").

### J. Falsification of Police Report

Plaintiff alleges that "[t]he Hanford Police officers falsified the report corresponding to the accident and criminal report" on January 4, 2017. (Compl. 9.) Plaintiff does not identify the officers that allegedly falsified the report nor does he indicate how the report was false. Again, Plaintiff has not sufficiently alleged this is part of a practice, custom, or policy, in order to establish municipal liability against the City of Hanford or Kings County, has not named the alleged officer(s) who falsified the report as defendants nor named "Doe Defendants" if Plaintiff is unaware of the identity of the officer(s) involved, and has not alleged or named any prosecutor who knowingly used such false information in pursuing criminal charges.

Individuals have a constitutional due process right "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc). To establish such a due process violation, a plaintiff must, at a minimum, allege either (1) that government officials continued their investigation "despite the fact that they knew or should have known that [Plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive that [they] knew or should have known those techniques would yield false information." Cunningham v. Perez, 345 F.3d 802, 811 (9th Cir. 2003) (quoting Devereaux, 263 F.3d at 1076).

Plaintiff's bare allegation is not sufficient to establish a claim and does not satisfy the requirements of Federal Rule of Civil Procedure 8 as described above.

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated: **January 21, 2020**

UNITED STATES MAGISTRATE JUDGE