1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TAFOYA, | Case No. 1:20-cv-00010-NONE-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| CITY OF HANFORD, et al., | (ECF No. 6) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Christopher Tafoya ("Plaintiff" or "Tafoya"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff filed this action on January 3, 2020. (ECF No. 1.) On January 21, 2020, the Court screened Plaintiff's complaint and found it failed to state a cognizable claim for relief. (ECF No. 4.) The Court granted Plaintiff leave to file an amended complaint within thirty (30) days of service of the screening order. (ECF No. 4.) Currently before the Court for screening is Plaintiff's first amended complaint, filed on February 13, 2020. (First Am. Compl. ("FAC"), ECF No. 6.) For the reasons explained below, Plaintiff's first amended complaint fails to state a cognizable claim and Plaintiff will be granted leave to file a second amended complaint.

1

## II.

## SCREENING REQUIREMENT

"Notwithstanding any filing fee [. . .] the court shall dismiss the case at any time if the court determines that" the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting

Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following Defendants in the first amended complaint: (1) Larry Leeds, police officer for the City of Hanford; (2) Frank Martinez, police officer for the City of Hanford; and 3) David Corona, deputy sheriff for Kings County.  (FAC 2-4.)[1]  Plaintiff also names Doe Defendants 1-25.  Plaintiff indicates he is suing each Defendant in their individual capacity under 42 U.S.C. § 1983 for violations of his Fourth and Eighth Amendment rights. (FAC 4.)  Plaintiff states that: (1) Hanford Police Department officers wrongfully arrested him and used excessive force; (2) the Kings County Sheriffs used excessive force and cruel and unusual punishment while he was in the jail; and (3) there was a wrongful use of civil proceedings.  (FAC 5.)

The allegations stem from a vehicular incident that occurred on January 4, 2017, at approximately 9:15 a.m., in front of an IHOP restaurant located in Hanford, California.  (FAC 5.) Plaintiff lost consciousness and was incoherent after being involved in a car accident.  Plaintiff generally alleges that "the Hanford Police Department ripped" Plaintiff out of his truck with "excessive force and arrested [Plaintiff] without reason."  (FAC 5.)[2]  Plaintiff states that when he was "wrongfully arrested without reason," there was "use of excessive force . . . exerted upon the Plaintiff while being injured by Hanford Police officer Larry Leeds and alongside Hanford

---

[1]  These three individuals were not named in the originally filed complaint, and Plaintiff's first amended complaint no longer names any of the Defendants named in the original complaint.  (ECF Nos. 1, 6.)

[2]  Plaintiff then states American Ambulance arrived at the scene "but failed to provide medical care knowing [Plaintiff] was injured from the car accident" and could not move.  (FAC 5.)  Plaintiff named American Ambulance as a defendant in the originally filed complaint, however, following the January 21, 2020 screening order, Plaintiff's first amended complaint does not bring claims against American Ambulance nor names it as a defendant in this action.

Police Department officer Frank Martinez at the scene." (FAC 6.) When Plaintiff arrived at the jail, an individual identified as "the officer" checked for drugs again, slammed Plaintiff against the car, and punched him. (FAC 5.) It is not clear to the Court if this is the same alleged punch that Plaintiff describes when Plaintiff states he was "punched on his back left side by Hanford Police officer Larry Leeds before entering the Kings County Jail." (FAC 5-6.) Plaintiff also states his father was "at the scene and saw officer Larry Leeds drag me and put me in another patrol car," although it is unclear at what point this occurred. (FAC 11.)

Plaintiff states that while being processed into the jail, "Sheriffs" took him in a room, punched him, ripped his clothes off forcing him to get naked, and bent Plaintiff over telling him to "cough motherfucker." (FAC 11.) Plaintiff specifically alleges Defendant Sheriff David Corona used excessive force by forcing Plaintiff "to get naked, and also punched him, turned him around and stripped his clothes off." (FAC 6.) Plaintiff also alleges that at the jail, "Hanford Police Department officers threatened [Plaintiff] and put their hands on their guns as if they were going to shoot [Plaintiff] in the jail." (FAC 11.) It is not clear if Plaintiff is referring to Larry Leeds and Frank Martinez here, other Hanford Police Department officers, or if Plaintiff meant to refer to the sheriffs in the jail. (Id.)

Plaintiff's blood was drawn and the results were negative. (Id.) Plaintiff was released about ten hours after the incident occurred and he was taken to the hospital by his father. (Id.)

Plaintiff also alleges wrongful use of civil proceedings, stating on January 4, 2017, Plaintiff was charged, and the charge was dismissed on July 26, 2019, in Plaintiff's favor. (FAC 6.) In support of this claim, Plaintiff attaches a screenshot showing a misdemeanor criminal case against Plaintiff, filed on April 18, 2017, was dismissed on an unspecified date, by judicial officer Michael Reinhart. (Ex. B, ECF No. 6 at 10.)[3]

Plaintiff claims his arms, legs, and central nervous system are injured; that he sustained

---

[3] In the original complaint, Plaintiff further alleged that "Hanford Police officers" falsified the report corresponding to the accident and the criminal report. (ECF No. 1 at 9.) Following initial screening, Plaintiff omits such allegation from the first amended complaint. Plaintiff also attaches what appears to be a one-page Notice to Appear issued by the Kings County Sheriff Jail Division, however, the document is almost entirely unreadable. (Ex. A, ECF No. 6 at 8.) It appears the notice references California Vehicle Code, 23152(c), which makes it "unlawful for a person who is addicted to the use of any drug to drive a vehicle." Cal. Veh. Code § 23152(c).

psychological injuries and seizures; that he is being seen by a neurologist and psychologist for ongoing treatment; that he is attending physical therapy and receiving other treatment for the injuries; that he was referred to a pain management specialist to treat him for severe headaches and body spasms; and that he is suffering from emotional distress and was diagnosed with PTSD because of the incident and defamation of character. (FAC 11.) Plaintiff requests monetary damages in the amount of one hundred million dollars ($100,000,000.00). (Id.)

## IV.

## DISCUSSION

### A.  Statute of Limitations

Plaintiff filed this action on January 3, 2020. (ECF No. 1.) In the initial screening order, the Court notified Plaintiff that his claims based only on events that occurred on January 4, 2017, would be barred by the applicable two-year statute of limitations period. The Court cautioned Plaintiff that if he chose to file an amended complaint that did not address such issue, the Court may then issue an order requiring Plaintiff to show cause demonstrating why such claims should not be dismissed for violating the statute of limitations.

Plaintiff attempts to address this issue in his first amended complaint and states the "lawsuit was filed within the two year limitation since the New Year number changes before the actual time, January 3 of 2020 is before the actual 2 years from the time the incident which happened on January 4 of 2017." (FAC 5.) However, two years after January 4, 2017, is January 4, 2019, and thus Plaintiff's statement is incorrect. See Cal. Civ. Proc. Code § 335.1 (stating action must be filed "[w]ithin two years."). Other than this lone statement, Plaintiff does not present any facts that would demonstrate equitable tolling or which would otherwise demonstrate such claims are not barred by the applicable statute of limitations. If Plaintiff chooses to file an amended complaint despite this apparent deficiency, the Court will recommend dismissal of any claims that are facially barred by the two-year statute of limitations, unless Plaintiff presents facts demonstrating such claims are not facially barred.

The Court will again summarize the relevant statute of limitation law and standards for equitable tolling that the Court previously informed Plaintiff of in the prior screening order, with

additional explanation.

       1.     Accrual Date of Plaintiff's Claims

Because Section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Therefore, this case is governed by California's statute of limitations for personal injury actions which requires such actions to be brought within two years of accrual. Cal. Civ. Proc. Code § 335.1. Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

As relevant to Plaintiff's primary causes of action for false arrest and excessive force, such claims accrued at the time of the arrest, and at the time of the alleged punches and excessive force occurred, on January 4, 2017. See Wallace v. Kato, 549 U.S. 384, 397 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983) (noting that "where false arrest . . . is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs."); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994) (finding claim of excessive force in § 1983 action accrued at the time of arrest); Powell v. Barron, No. 115CV00089SABPC, 2016 WL 3019109, at *6 (E.D. Cal. May 26, 2016) ("It is clear from the facts of the second amended complaint and Plaintiff's previous filing that any claim for the use of excessive force by Defendants Barron and Goings accrued on January 30, 2007, the date the use of force occurred."). Therefore, Plaintiff's claims for excessive force and false arrest are facially barred by the statute of limitations based on Plaintiff's first amended complaint which states such acts occurred on January 4, 2017.

Additionally, as explained below and in the Court's previous screening order, because

Plaintiff's claim of cruel and unusual punishment under the Eighth Amendment is based on events surrounding his arrest and processing, and not following conviction and sentencing, such claim could not be brought under the Eight Amendment, but rather the due process clause or alternatively would be encompassed within his claim of excessive force under the Fourth Amendment. However brought or construed, such allegations of cruel and unusual punishment would be barred by the two-year statute of limitations as well, given such claims would have accrued at the time of the incident. See Harrington v. Menteer, 723 F. App'x 568, 569 (9th Cir. 2018) (The district court properly dismissed Harrington's false arrest, false imprisonment, cruel and unusual punishment, and due process claims because Harrington failed to file his action within the applicable [Oregon personal injury] two-year statute of limitations.").

The only possible claims deviating from the incident date of January 4, 2017, are Plaintiff's claim for "wrongful use of civil proceedings," which is based on an apparent dismissal of charges on July 26, 2019, and Plaintiff's averment to a defamation claim, which may be related to the charges that were not dismissed until July 26, 2019. However, as explained further below in this order, these claims fail for other reasons.

2. Equitable Tolling

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening stage if it is apparent from the face of the complaint that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." See Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993); Kelly v. Islam, No. 1:18-CV-00018-JDP, 2018 WL 2670661, at *2 (E.D. Cal. June 1, 2018); El-Shaddai v. Stainer, No. CV 14-9313 GHK(JC), 2016 WL 7261230, at *21 (C.D. Cal. Dec. 13, 2016). In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. This applies to both statutory and equitable tolling. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.").

"Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (internal quotation marks and citation omitted).

In the previous screening order, the Court notified Plaintiff of the standards for equitable tolling, and specifically that Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison. The Court notified Plaintiff that if he was imprisoned between January 4, 2017, and January 4, 2019, he must inform the Court of such circumstances if he chose to file an amended complaint bringing the claims of excessive force, false arrest, and cruel and unusual punishment that are otherwise barred by the statute of limitations. Plaintiff has not provided any such information in his first amended complaint. If Plaintiff again chooses to bring such claims in an amended complaint, the Court will recommend dismissal of such claims unless he demonstrates he is entitled to tolling due to imprisonment, or that he is entitled to tolling of the statute of limitations for any other reason.

In summary, Plaintiff's claims for unlawful arrest, excessive force, and cruel and unusual punishment, based on events that occurred on January 4, 2017, are facially barred by the statute of limitations and thus not cognizable. If Plaintiff files an amended complaint with these claims and does not present facts showing he is entitled to tolling of the statute of limitations, the Court will recommend dismissal of such claims. Plaintiff's claim of wrongful use of civil proceedings, which the Court construes as a claim for malicious prosecution, and Plaintiff's averment to a defamation claim, are also not cognizable for the reasons explained below.

**B.    Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Much of Plaintiff's allegations are vague and conclusory statements. As currently pled, Plaintiff's complaint does not contain enough factual content to permit the Court to draw the reasonable inference that any named Defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. While some of the allegations in the amended complaint refer to the specifically named Defendants, other parts of Plaintiff's allegations are generally ascribed to unidentified "officers" or "sheriffs."

Plaintiff generally alleges that "the Hanford Police Department ripped" Plaintiff out of his truck with "excessive force and arrested [Plaintiff] without reason." (FAC 5.) Plaintiff states that when he was "wrongfully arrested without reason," there was "use of excessive force . . . exerted upon the Plaintiff while being injured by Hanford Police officer Larry Leeds and alongside Hanford Police Department officer Frank Martinez at the scene." (FAC 6.) When Plaintiff arrived at the jail, an individual identified as "the officer" checked for drugs again, slammed Plaintiff against the car, and punched him. (FAC 5.) It is not clear to the Court if this is the same alleged punch that Plaintiff describes when stating he was "punched on his back left side by Hanford Police officer Larry Leeds before entering the Kings County Jail." (FAC 5-6.)

1 Plaintiff also states his father was "at the scene and saw officer Larry Leeds drag me and put me
2 in another patrol car," although it is unclear at what point this occurred. (FAC 11.)

3     Plaintiff states that in the jail, "Sheriffs" took him in a room, punched him, ripped his
4 clothes off forcing him to get naked, and bent Plaintiff over telling him to "cough motherfucker."
5 (FAC 11.) Plaintiff specifically alleges Defendant Sheriff David Corona used excessive force by
6 forcing Plaintiff "to get naked, and also punched him, turned him around and stripped his clothes
7 off." (FAC 6.) Plaintiff also alleges that at the jail, unidentified "Hanford Police Department
8 officers threatened [Plaintiff] and put their hands on their guns as if they were going to shoot
9 [Plaintiff] in the jail." (Id.)

10     Since Plaintiff fails to identify the specific Defendants he is referring to when he states
11 "officers" or "sheriffs," a significant portion of Plaintiff's complaint fails to give fair notice of all
12 of the allegations and claims directed against the Defendants. See Gauvin v. Trombatore, 682 F.
13 Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against *each*
14 defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" (italics added)); see also Van
15 Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp. 277, 284 (D. Wis. 1975) ("Specific
16 identification of the parties to the activities alleged by the plaintiffs is required … to enable the
17 defendant to plead intelligently.").

18     Where Plaintiff does identify specific named Defendants, the allegations are bare and
19 conclusory, particularly when considered in conjunction with the statements pertaining to
20 unidentified officers and sheriffs. First, the only specific mention of Defendant Frank Martinez
21 is that he was at the scene "while being injured" by Defendant Larry Leeds. (FAC 6.) In
22 addition to being barred by the statute of limitations, such bare statement does not state a
23 cognizable claim of excessive force, unlawful arrest, or cruel and unusual punishment against
24 Defendant Frank Martinez.

25     The only specific actions attributed to Defendant Larry Leeds is the general and
26 conclusory statement that Plaintiff was "wrongfully arrested without reason and use of excessive
27 force was exerted upon the Plaintiff while being injured by Hanford Police officer Larry Leeds . .
28 . and was punched on his back left side by [Larry Leeds] before entering the Kings County Jail."

1  (FAC 6.)  Plaintiff also states that his father "was at the scene and saw officer Larry Leeds drag
2  me and put me in another patrol car."  (FAC 11.)  In addition to being barred by the statute of
3  limitations, such conclusory and bare allegations do not state a cognizable claim of excessive
4  force, unlawful arrest, or cruel and unusual punishment against Defendant Larry Leeds.

5       The only specific allegation against David Corona is the general and conclusory
6  statement that he used excessive force by forcing Plaintiff "to get naked, and also punched him,
7  turned him around and stripped his clothes off."  (FAC 6.)  In addition to being barred by the
8  statute of limitations, such conclusory and bare allegations do not state a cognizable claim of
9  excessive force, unlawful arrest, or cruel and unusual punishment against Defendant David
10  Corona.

11       In the Court's previous screening order, the Court notified Plaintiff that if he does not
12  know the identities of the officers or persons involved, Plaintiff may file a "Doe pleading" and
13  amend the complaint to name the Doe Defendants once discovery clarifies their identity.
14  Plaintiff's amended complaint now names Does 1-25.  (ECF No. 4 at 9; FAC 3.)  To bring a
15  cognizable claim against unknown individuals, Plaintiff must identify each individual with a Doe
16  designation that is numbered, i.e., "John Doe 1," "John Doe 2", so that each numbered Doe
17  designation refers to a single specific person.  Further, Plaintiff must then allege facts
18  demonstrating a link between what each separate Doe Defendant allegedly did, or did not, do and
19  the resulting deprivation of Plaintiff's constitutional rights, such as "John Doe 1 did X" and
20  "John Doe 2 did Y."  In this case, since Plaintiff has not individually identified each Doe
21  Defendant and has not alleged facts demonstrating a link between what each separate Doe
22  Defendant allegedly did, or did not, do and the resulting deprivation of Plaintiff's constitutional
23  rights, Plaintiff has not stated a cognizable claim against any Doe Defendant.

24       Therefore, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2).
25  The Court will grant Plaintiff leave to file an amended complaint, however, Plaintiff should keep
26  in mind that the claims against the Defendants Larry Leeds, Frank Martinez, and David Corona,
27  pertaining to the events that occurred on January 4, 2017, are facially barred by the statute of
28  limitations as explained above.  Additionally, to the extent other unidentified officers were

1  involved and Plaintiff attempts to name as Doe Defendants, such claims would also be barred if

2  they relate only to events that occurred on January 4, 2017.

3       **C.**     **Linkage Requirement under Section 1983**

4       For the same reasons explained in the previous section, Plaintiff also fails to establish an

5  adequate link between the actions of Defendants, particularly Defendant Frank Martinez, and the

6  constitutional injury. Section 1983 provides a cause of action for the violation of Plaintiff's

7  constitutional or other federal rights by persons acting under color of state law. <u>Nurre v.</u>

8  <u>Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178,

9  1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The statute

10 provides:

11
12      Every person who, under color of [state law] ... subjects, or causes to be
        subjected, any citizen of the United States ... to the deprivation of any rights,
13      privileges, or immunities secured by the Constitution ... shall be liable to the party
        injured in an action at law, suit in equity, or other proper proceeding for redress.

14

15 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides

16 a method for vindicating federal rights elsewhere conferred." <u>Crowley v. Nevada ex rel. Nevada</u>

17 <u>Sec'y of State</u>, 678 F.3d 730, 734 (9th Cir. 2012) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 393-

18 94 (1989)) (internal quotation marks omitted). The statute requires that there be an actual

19 connection or link between the actions of the defendants and the deprivation alleged to have been

20 suffered by Plaintiff. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>,

21 423 U.S. 362 (1976). Thus, to state a claim, Plaintiff must allege facts demonstrating the

22 existence of a link, or causal connection, between each Defendant's actions or omissions and a

23 violation of his federal rights. <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062,

24 1074-75 (9th Cir. 2013); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011). The Ninth

25 Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

26 within the meaning of section 1983, if he does an affirmative act, participates in another's

27 affirmative acts or omits to perform an act which he is legally required to do that causes the

28 deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff cannot "hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct." Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002) (internal citation omitted).  A police officer who is "merely a bystander" to another officer's conduct, is insufficient to establish § 1983 liability.  Hopkins v. Bonvicino, 573 F.3d 752, 770 (9th Cir. 2009) (quoting Chuman v. Wright, 76 F.3d 292 (9th Cir. 1996)). "Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act . . . integral participation requires some *fundamental involvement* in the conduct that allegedly caused the violation . . . [and] [o]fficers are fundamentally involved in the alleged violation when they provide some affirmative physical support at the scene of the alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object." Monteilh v. Cty. of Los Angeles, 820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011) (internal citations omitted) (emphasis in original).

### D.    Plaintiff's Eighth Amendment Claim

As explained in the previous screening order, Plaintiff cannot bring a claim under the Eighth Amendment based on his allegations.  Plaintiff's first amended complaint again attempts to bring such claim.  The Eighth Amendment proscribes a freedom from cruel and unusual punishment.  U.S. Const. amend. VIII.  The prohibition of cruel and unusual punishment under the Eighth Amendment applies only after conviction and sentencing.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001); Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir.2002) (in assessing claim of right to receive adequate medical care while in custody of county, stating "[b]ecause [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."), overruled on other grounds by Castro, 833 F.3d 1060; Graham v. Connor, 490 U.S. 386, 395 (1989) ("Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today.  It is clear, however, that

the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

Accordingly, Plaintiff is unable to state a claim for a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Additionally, as explained above, whether the relevant allegations claimed by Plaintiff are construed to be brought under a different provision of the Constitution, such allegations are facially barred by the statute of limitations based on the facts in the first amended complaint.

### E.    Fourth Amendment Excessive Force Claim

The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. Graham, 490 U.S. at 394-95 (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."); Bryan v. MacPherson, 630 F.3d 805, 817 (9th Cir. 2010) ("An officer's use of excessive force to effect an arrest is a violation of a person's Fourth Amendment right to be free from unreasonable searches and seizures.")

The Supreme Court has explained:

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation . . . An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

Graham, 490 U.S. at 396–97 (internal citations omitted).

"In evaluating the governmental interests at stake and the reasonableness of the force used in light of those interests, a reviewing court must examine the totality of the circumstances, 'including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight,' among other factors." Bryan, 630 F.3d at 818 (quoting Graham, 490 U.S. at 396). The Court may also consider whether officers administered a warning, if practicable. See George v. Morris, 736 F.3d 829, 837 (9th Cir. 2013). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. Even if a law enforcement officer uses excessive force in violation of a citizen's Fourth Amendment rights, the officer will still be entitled to qualified immunity unless clearly established law provides that the conduct violates the Fourth Amendment and [a]n officer is shielded from personal liability when he reasonably believes his conduct in the situation is lawful." Bryan, 630 F.3d at 817.

As explained above, Plaintiff only makes bare and conclusory factual allegations against the named Defendants in this action and has not pled sufficient facts to show any use of force was excessive. Plaintiff attributes other actions only to unnamed officers or sheriffs. Therefore, in addition to being barred by the statute of limitations, Plaintiff has not stated any claim for excessive force under the Fourth Amendment during the course of the arrest.

### F. Fourth Amendment Claim for Unlawful Arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification." Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough." Id. (internal quotations and citation omitted) (alteration in original).

As explained above, Plaintiff only makes bare and conclusory factual allegations against the named Defendants in this action and has not pled sufficient facts to show his arrest was not based on probable cause, even if the factual allegations are taken as true. Plaintiff attributes other actions only to unnamed officers or sheriffs. Therefore, in addition to being barred by the statute of limitations, Plaintiff has not stated any claim for excessive force under the Fourth Amendment during the course of the arrest.

### G.     Wrongful Use of Civil Proceedings

Plaintiff brings a claim for wrongful use of civil proceedings. Plaintiff's sole statement regarding this claim is: "Wrongful use of Civil Proceedings, on January 4 of 2017, Plaintiff was charged and [the] charge was dismissed on July 26 of 2019 [i]n Plaintiff's favor and on its face." (FAC 6.) In the Court's previous screening order, the Court notified Plaintiff he provided no details as to the charges or disposition of the case in question. In support of the claim, Plaintiff now attaches a screenshot showing a misdemeanor criminal case against Plaintiff, filed on April 18, 2017, was dismissed on an unspecified date, by judicial officer Michael Reinhart. (Ex. B, ECF No. 6 at 10.) Plaintiff also attaches what appears to be a one-page Notice to Appear issued by the Kings County Sheriff Jail Division, however, the document is almost entirely unreadable. (Ex. A, ECF No. 6 at 8.) It appears the notice references California Vehicle Code, 23152(c), which makes it "unlawful for a person who is addicted to the use of any drug to drive a vehicle." Cal. Veh. Code § 23152(c).

In the first amended complaint, Plaintiff only names Defendants Larry Leeds, Frank Martinez, and David Corona, in addition to Doe Defendants. However, Plaintiff does not allege any conduct by any named Defendant or Doe Defendant relating to this claim in the first amended complaint.[4] Plaintiff does not name any Defendant nor describes any actions of any

---

[4] In the originally filed complaint, Plaintiff alleged that "Hanford Police officers" falsified the report corresponding to the accident and the criminal report. (ECF No. 1 at 9.) Following initial screening, Plaintiff omits such allegation from the first amended complaint. In some circumstances, falsification of a report may state a claim for malicious prosecution. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) ("Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings . . . However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided

person relating to the prosecution of the misdemeanor criminal case referenced in the attached exhibit.

As noted in the Court's previous screening order, it is not clear why Plaintiff entitled the claim as wrongful use of "Civil Proceedings," when it appears he is referring to criminal charges. In either regard, Plaintiff does not provide enough factual details nor allege any facts pertaining to any Defendant to allow the claim to proceed. The Court will again provide the Plaintiff with the relevant legal standard for malicious prosecution below.

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.' " Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)); see also Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987) ("In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause.") (citations omitted). In the Ninth Circuit, "the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy," however, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Usher, 828 F.2d at 56-62 (citations omitted).

"An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." Awabdy, 368 F.3d at 1068. In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were

---

misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.").

instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." Id.

Plaintiff has not provided details regarding who prosecuted or maintained the charges, has not named an individual prosecutor as a Defendant, and does not allege any conduct by any named Defendant or Doe Defendant relating to this claim in the first amended complaint. Accordingly, Plaintiff has not stated a claim for malicious prosecution or wrongful use of civil proceedings. Plaintiff will be given one final opportunity to file an amended complaint.

### H. Allegations of Defamation

While Plaintiff has not brought a direct claim for defamation, in summarizing his injuries, Plaintiff avers he was injured by "the wrongful acts and occurrences that happened toward my persona and defamation of character." (FAC 6.) If Plaintiff means to bring a claim for defamation, he must clearly state that he is doing so in the complaint and provide factual allegations against specific Defendants. Further, for a Section 1983 action, Plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

"To establish a claim for defamation under Section 1983, a plaintiff must first establish defamation under state law." Flores v. City of Bakersfield, No. 1:17-CV-1393-JLT, 2019 WL 7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing Crowe v. County of San Diego, 242 F.Supp.2d 740, 746 (S.D. Cal. 2003)). Under California law, the elements of a defamation claim are: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Kaufman v. United Health Group Inc., 546 Fed. Appx. 691, 692 (9th Cir.2013) (quoting Taus v. Loftus, 40 Cal.4th 683, 54 Cal.Rptr.3d 775, 151 P.3d 1185, 1209 (Cal.2007)). To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." Gilbrook v. City of Westminster, 177 F.3d 839, 861 (9th Cir.) (citation omitted). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the

statement.  Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In a § 1983 action, injury to reputation alone is not enough to state a claim.  "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest."  WMX Techs., Inc. v. Miller ("WMX II"), 197 F.3d 367, 373 (9th Cir. 1999).  The Supreme Court has made it clear that reputation alone is not an interest protected by the Constitution.  WMX II, 197 F.3d at 373; see Paul v. Davis, 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment").  "[R]eputational harm alone does not suffice for a constitutional claim."  Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004).  Absent a change in status, "any harm or injury to that interest . . . inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law."  Paul, 424 U.S at 712.  Plaintiff must demonstrate the loss of a recognizable property or liberty interest in conjunction with the allegation that they suffered injury to reputation.  Miller, 355 F.3d at 1179; Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992)).  A plaintiff can meet this test by showing that "injury to reputation was inflicted in connection with a federally protected right" or that "injury to reputation caused the denial of a federally protected right."  Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999); Cooper, 924 F.2d at 1532-33.  This is referred to both as a "defamation-plus" or "stigma-plus" claim.  See, e.g., Flores, 2019 WL 7038385, at *17.

Plaintiff has not put forth factual allegations that his reputation was injured in connection with a federally protected right or that the damage caused him to be denied a federally protected right.  Even if Plaintiff could not meet the defamation-plus standard but *was* able to demonstrate defamation under California law, the Court would also decline to exercise supplemental jurisdiction over such state claim because Plaintiff failed to state a separate cognizable federal claim, as explained above.  See Ward v. Webber, No. 118CV00916SABPC, 2018 WL 3615853, at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable federal claim, the

Court will not exercise supplemental jurisdiction over his state law [slander] claim, even if he cures the deficiencies and states a claim.") (citing 28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001)).

**V.**

**CONCLUSION**

Based on the foregoing, Plaintiff's first amended complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff one more opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal,</u> 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

///

///

///

///

///

///

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's office shall send Plaintiff a complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order; and

3.     If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 6, 2020**

UNITED STATES MAGISTRATE JUDGE